IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| FREDERICK ANTONIO FORD, AIS 241963, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CASE NO. 2:23-CV-486-MHT-SMD ) |
| ANTHONY PARKER, et al., | ) ) |
| Defendants. | ) ) |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

On August 7, 2023, while incarcerated at Elmore Correctional Facility, Plaintiff filed this action under 42 U.S.C. § 1983 alleging that Anthony Parker and Travis Yielder, correctional officers at Kilby Correctional Facility, used excessive force against him in violation of his Eighth Amendment rights. Doc. 1 at 2–6. Plaintiff was then transferred to Staton Correctional Facility in October 2023 (Doc. 6), Bullock Correctional Facility in November 2023 (Doc. 11), and Limestone Correctional Facility in March 2024 (Doc. 22).

Sixteen months after arriving at Limestone and almost two years after leaving Kilby, Plaintiff filed a motion for a preliminary injunction asking the Court to enjoin Defendants and "their successors in office, agents and employees, and all other persons acting in concert" from threatening him, refusing to give him mail, and segregating him solely for filing lawsuits. Doc. 53 at 1. He also asked for a transfer to a safer facility where Defendants do not have "influence and affiliations" with ADOC officials *Id*. Two months after filing his motion, Plaintiff was transferred back to Elmore Correctional Facility. *See* Doc. 55.

As directed, Defendants filed a response to Plaintiff's motion. Doc. 60. Upon consideration of Plaintiff's motion, Defendants' response, and the applicable legal principles, the undersigned RECOMMENDS that Plaintiff's Motion for Preliminary Injunction (Doc. 53) be DENIED.

**I.      STANDARD OF REVIEW AND REQUIRED ELEMENTS**

"The grant or denial of a preliminary injunction is within the sound discretion of the district court." *Palmer v. Braun*, 287 F.3d 1325 (11th Cir. 2002). A court may grant a preliminary injunction only if a plaintiff demonstrates the following elements: (1) a substantial likelihood of success on the merits; (2) an irreparable injury will occur absent issuance of the injunction; (3) the injunction would not substantially harm the non-moving parties; and (4) the injunction, if issued, would not be adverse to the public interest. *Long v. Sec'y, Dep't of Corr.*, 924 F.3d 1171, 1176 (11th Cir. 2019). "A preliminary injunction is an extraordinary and drastic remedy, and [Plaintiff] bears the burden of persuasion to clearly establish all four of these prerequisites." *Wreal, LLC v. Amazon.com, Inc.*, 840 F.3d 1244, 1247 (11th Cir. 2016) (internal quotations and citation omitted).

**II.     DISCUSSION**

In a § 1983 action filed by a prisoner, a request for injunctive and declaratory relief becomes moot upon the transfer or release of that prisoner from the facility where his cause of action arose. *Spears v. Thigpen*, 846 F.2d 1327, 1328 (11th Cir. 1988) (quoting *Wahl v. McIver*, 773 F.2d 1169, 1173 (11th Cir. 1985) (explaining that Eleventh Circuit has clearly stated that, "[a]bsent class certification, an inmate's claim for injunctive and declaratory relief in a section 1983 action fails to present a case or controversy once the inmate has

been transferred")); *Owens v. Centurion Med.*, 778 F. App'x 754, 759 (11th Cir. 2019) (inmate's transfer to different facility since filing § 1983 complaint rendered moot his deliberate indifference claims seeking only injunctive relief). Moreover, "[e]quitable relief is a prospective remedy, intended to prevent future injuries." *Adler v. Duval Cnty. Sch. Bd.*, 112 F.3d 1475, 1477 (11th Cir. 1997). For that reason, "[w]hen the threat of future harm dissipates, the plaintiff's claims for equitable relief become moot because the plaintiff no longer needs protection from future injury." *Id.; see also Smith v. Allen*, 502 F.3d 1255, 1267 (11th Cir. 2007) (noting general rule in our circuit that transfer or release of prisoner moots prisoner's claims for injunctive and declaratory relief); *McKinnon v. Talladega Cnty., Ala.*, 745 F.2d 1360, 1363 (11th Cir. 1984) (finding inmate's transfer to different jail moots claim for declaratory and injunctive relief).

At the time Plaintiff filed his motion for injunctive relief, he had been transferred four times and was no longer incarcerated at the facility where the claims in this action arose. Although his motion makes the conclusory allegation that Defendants have "influence" and "affiliations" with other officials who work for the Alabama Department of Corrections (Doc. 53 at 2), his motion fails to identify a single Limestone employee allegedly affiliated with or influenced by Defendants. Plaintiff makes broad claims that he was threatened, did not receive his mail, and was segregated in retaliation for filing this action, but he fails to cite specific incidents or allege any facts connecting Defendants to conduct by a Limestone official. And even if he had, two months after filing his motion requesting injunctive relief, Plaintiff was transferred from Limestone back to Elmore Correctional Facility. Thus, any future threat by Limestone officials dissipated with his

3

transfer, and Plaintiff cannot show he will suffer irreparable injury if the Court fails to grant him the preliminary injunctive relief he requests.

### III. CONCLUSION

Accordingly, the undersigned RECOMMENDS that Plaintiff's Motion for Preliminary Injunction (Doc. 53) be DENIED as moot and that this case be referred back to the undersigned for additional proceedings.

Further, it is ORDERED that by **February 10, 2026,** the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered by the Court. The parties are advised that this Recommendation is not a final order and is, therefore, not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. 11th CIR. R. 3-1.

DONE this 27th day of January, 2026.

/s/ Stephen M. Doyle
STEPHEN M. DOYLE
CHIEF UNITED STATES MAGISTRATE JUDGE