IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

FREDERICK ANTONIO FORD,      )
                             )
     Plaintiff,              )
                             )
                             )     CIVIL ACTION NO.
     v.                      )       2:23cv486-MHT
                             )          (WO)
ANTHONY PARKER and TRAVIS    )
YIELDER,                     )
                             )
     Defendants.            )

ORDER

This case is before the court on the issue of whether the defendants should be allowed to file dispositive motions, as they argued at the status conference before the United States Magistrate Judge on June 3, 2026. The court has reviewed a video recording of the status conference, during which the plaintiff objected to their request based on his understanding that the deadline for filing such motions has already passed. For the following reasons, the court finds that the defendants should be allowed to file a dispositive motion.

First, the deadline for filing dispositive motions had not yet passed.  On October 29, 2025, after all parties had assented to mediation before the United States Magistrate Judge, the defendants moved "to stay all remaining deadlines pending the parties' upcoming mediation."  Motion to Stay (Doc. 62).  On the same date, the magistrate judge granted the motion to stay by text order. This order stayed all unexpired deadlines (or, in other words, put those deadlines on hold).  The dispositive-motions deadline, which had been set for October 30, 2025 (Doc. 49), had not yet expired and was therefore stayed.

After the parties failed to reach a settlement during mediation, the court entered an order (Doc. 75) referring this case to the United States Magistrate Judge to hold an evidentiary hearing on the merits and to submit proposed findings of fact and recommendations for the disposition of this case.  In entering this order, the court overlooked that all remaining

2

deadlines--including the dispositive-motions deadline---had been stayed pending mediation. As a result, the court's order referring the case to the magistrate judge for an evidentiary hearing was premature, and the court unintentionally cut off the parties' opportunity to file dispositive motions. The court finds that the defendants (and plaintiff Ford) should have an opportunity to file dispositive motions, and that dispositive-motion deadline should be reset by the magistrate judge.

Accordingly, it is ORDERED that:

(1) The order referring this case to the magistrate judge for an evidentiary hearing (Doc. 75) is vacated.

(2) This case is referred back to the United States Magistrate Judge for further proceedings consistent with this order, including lifting the stay on remaining deadlines and resetting the deadline for

3

dispositive motions and any other remaining deadlines as appropriate. *

DONE, this the 2nd day of July, 2026.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE

---

\* This order should not be read as approval of defendants' oral request for 45 days in which to file a dispositive motion, upon which the court takes no position.